CHARLES O. WAITE, Respondent, *v.* THE F. J. KALDENBERG COMPANY, Appellant.

*Judgment for the part of plaintiff's claim admitted — costs.*

A plaintiff is not entitled to costs upon an entry of judgment, under section 511 of the Code of Civil Procedure, for the part of his claim admitted by the answer to be due, when he elects to continue the action for the remainder

APPEAL by the defendant, the F. J. Kaldenberg Company, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 10th day of February, 1893, denying the defendant's motion that the judgment herein be reduced by the amount of the plaintiff's costs.

The complaint demanded judgment for $1,955.88 with interest; the answer admitted that $869.82 thereof was due the plaintiff, and offered to allow judgment therefor. On January 10, 1893, an order was entered that the plaintiff have judgment for the sum so admitted to be due and that the action be severed and the plaintiff have leave to continue the action as to the remainder of his claim, which the plaintiff elected to do. The clerk taxed the plaintiff's bill of costs at forty-eight dollars and ninety-two cents, and judgment was entered for the amount of the claim admitted to be due and costs, being in all $918.74. The defendant then moved to have

the judgment reduced by the amount of the costs, which motion was denied, and from the order denying it this appeal is taken.

Section 511 of the Code of Civil Procedure is as follows : " Where the answer of the defendant, expressly or by not denying, admits a part of the plaintiff's claim to be just, the court upon the plaintiff's motion may, in its discretion, order that the action be severed; that a judgment be entered for the plaintiff for the part so admitted ; and if the plaintiff so elects that the action be continued with like effect as to the subsequent proceedings, as, if it had been originally brought for the remainder of the claim.   The order must prescribe the time and manner of the plaintiff's election.   If the plaintiff elects to continue the action, his right to costs upon the judgment is the same as if it was taken in an action brought for only that part of the claim.   If the plaintiff does not elect to continue the action, costs must be awarded as upon final judgment in any other case."

*James J. Allen*, for the appellant.

*John B. A. Mullally*, for the respondent.

Per Curiam :

Section 511 of the Code, under the authority of which this judgment was entered, gives to the moving party the right to a judgment for the part admitted to be due.   No provision is made for an award of costs to him upon the entry of that judgment, unless he elects not to continue the action for the remainder of the claim ; in which case he is awarded costs as upon a final judgment in any other case.   If, therefore, he elects to continue the action, it seems to have been the intention of the legislature to award him costs only in case he succeeds and recovers an amount which would entitle him to costs had he originally brought his action for the amount not conceded to be due.

The right to this judgment depends upon this section of the Code and the only judgment that the plaintiff on such an application can recover is that allowed by this section, which does not include costs except upon the condition that he elects not to continue the action for the amount not conceded to be due.

The case of *Bradbury* v. *Winterbottom* (13 Hun, 536), which

upon its face may seem to be in conflict with these views, however, is not, because the judgment in that case was entered under an offer made under section 758 of the Code of Civil Procedure, and the question there was whether or not the plaintiff was entitled to costs upon such offer.

The order must, therefore, be reversed and motion granted, but without costs.

Present — VAN BRUNT, P. J., and INGRAHAM, J.

Order reversed and motion granted, without costs.